Amir J. Goldstein, Esq. (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194
ajg@consumercounselgroup.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GALAVIZ, | CASE NO.: |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| ACCOUNT MANAGEMENT SERVICES, and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant ACCOUNT MANAGEMENT SERVICES alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff Mark Galaviz is a natural person residing in San Bernardino County, California.

3. Upon information and belief, the Defendant is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Cypress, CA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporation regularly conducts business in this district and is subject to jurisdiction in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by Plaintiff.

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8. That Defendant mailed Plaintiff an initial dunning notice in an attempt to collect the alleged debt.

9. That Plaintiff disputed the alleged debt and demanded that Defendant cease collection activity until validation had been provided.

10. That upon information and belief, Defendant failed to validate the debt.

11. That on or about January 2016, Plaintiff became aware that Defendant was reporting the alleged debt as a collection account on Plaintiff's credit report.

12. That the reports made by Defendant to the credit reporting agencies were false and/or failed to disclose that the debt was disputed in violation of 15 U.S.C §1692e(8).

13. That after learning about the reports on his credit, Plaintiff contacted the "Better Business Bureau" (hereinafter referred to as the "BBB") and reported Defendant's actions as unlawful.

2
Complaint for Damages

14. That Defendant, in response to an inquiry made by the BBB, stated that they had not validated the debt because they acknowledged the legal requirement to cease from further collection activity and communications with Plaintiff.
15. That upon information and belief, that at no time did Plaintiff request communications regarding validation of the debt be ceased, but rather that collection activities be ceased until the debt was validated.
16. That Defendant continued collection activity by adversely reporting and routinely updating Plaintiff's credit report through March 2016 in violation of §1692e(8), despite being on notice that the debt was disputed and that they were required to cease further collection activity.
17. That on or about March 23, 2016, Plaintiff requested Defendant stop reporting the debt to credit reporting agencies as there had been no validation nor response from Defendant.
18. That Defendant did not respond to Plaintiff's request and continued to update and verify the adverse reporting on Plaintiff's credit report.
19. That Defendant, by providing adverse information to a credit reporting agency while the debt was disputed and before the validation had been provided overshadowed Plaintiff's rights in violation of §1692g(b).

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

20. Plaintiff realleges paragraphs 1 through 19 as if fully restated herein.
21. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.
22. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:
    i. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

23. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

24. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

25. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to California Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and California Civil Code §1788.30, *et seq*.

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: May 20, 2016                                  AMIR J. GOLDSTEIN, ESQ.

                                                    /S/ Amir J. Goldstein
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194